IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO DE DIOS-CARRILLO,<br><br>Defendant. | Case No. 3:23-cr-57-1<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorneys, Mac Schneider, United States Attorney for the

District of North Dakota, and Jacob T. Rodenbiker, Assistant United States Attorney;

Defendant, Armando De Dios-Carrillo; and Defendant's counsel, Rhiannon Gorham,

agree to the following:

1.      Defendant acknowledges the Indictment charges a violation of Title 8,

United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); and Title 18

United States Code, Section 2.

2.      Defendant has read the charge and Defendant's attorney has fully explained

the charge to Defendant.

3.      Defendant fully understands the nature and elements of the charged crime.

4.      Defendant will plead guilty to the sole count of the Indictment.

5.      The parties agree this Plea Agreement shall be filed as part of the Court

record and be governed by Rule 11(c) of the Federal Rules of Criminal Procedure. The

parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

6.    Defendant will plead guilty because Defendant is in fact guilty of the charge. In pleading guilty to the sole count of the Indictment, Defendant acknowledges there is a sufficient factual basis to satisfy the essential elements of the charge, including the following:

> In or about March 2023, in the District of North Dakota and elsewhere, Defendant agreed with Jose Ramon Gonzalez-Resendiz, Victor Manuel Perez-Aguilera, and with others, known and unknown, to assist one or more citizens of Mexico, who would be classified as aliens under the law of the United States, with entering the United States unlawfully. The plan was to attempt to move and transport, and actually move and transport aliens from near the border between Canada and the United States into the interior of the United States. The plan entailed the aliens first flying from Mexico to Canada, then making their way to the international border with the United States where Defendant would meet them, assist with their crossing the border at a place and time other than as designated by immigration officials, and then, with assistant from Gonzalez-Resendiz and Perez-Aguilera, lodge and transport them further into the United States. Defendant would be compensated by the aliens or their families or associates for his efforts and from his compensation he would in turn reimburse the expenses Gonzalez-Resendiz and Perez-Aguilera incurred for theirs. In order to carry out this plan, the three of them traveled from other states to North Dakota, eventually getting a room at the Cobblestone Inn in Langdon. From there, Defendant embarked to the border and met the aliens. His vehicle got stuck, however, so he had to contact one of his co-defendants to pick them up to the Cobblestone. There, Border Patrol agents encountered Defendant, a co-defendant, and two of the aliens, Merlin Cardenas-Perez and Carlos Alberto Poot-Serrano. One or more of the other aliens had previously left the area. The second co-defendant was encountered soon after.

2

7.      Defendant understands the following maximum penalties apply:

Imprisonment:            10 years
Fine:                    $250,000
Supervised Release:      3 years
Special Assessment:      $100

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8.      Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a)     The right to a speedy public jury trial and related rights as follow:

(i)     A jury would be composed of 12 lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii)    At trial, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear

3

voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iii)    At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify but cannot be required to testify.

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

9.    Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2021) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation of sentencing.

11.    This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the

4

District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.     The parties agree the base offense level under the Sentencing Guidelines for Defendant's conduct is 12. (USSG § 2L1.1(a)(3)). The parties further agree the downward adjustment under USSG § 2L1.1(b)(1) does not apply, because the offense was for profit and did not involve only Defendant's spouse or child. The United States reserves the right to argue an upward adjustment to level 18 applies, because the offense involved recklessly creating a substantial risk of serious bodily injury to another person. (USSG § 2L1.1(b)(6)). The United States reserves the right to argue a further 2-level upward adjustment applies, because the defendant was an organizer, leader, manager, or supervisor of any criminal activity that involve fewer than five participants and was not otherwise extensive. (USSG § 3B1.1(c)).

13.     At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment, if applicable, for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

14.     The parties stipulate and agree that, as of the date of this agreement, Defendant appears to qualify for a 2-level downward adjustment for acceptance of

5

responsibility. However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should Defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

15.    Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may apply other adjustments the parties have not agreed upon. The Court may also depart from the applicable Guideline range. See USSG § 1B1.1, comment. (n.1(F)). The Court may also vary, that is, impose a sentence outside the Guideline framework. See USSG § 1B1.1, comment. (backg'd.). The parties reserve the right to object to any adjustment, departure, or variance not otherwise agreed upon, forfeited, or waived.

16.    At sentencing, the United States will recommend a sentence at the low end of the applicable Guideline range.

17.    Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and

6

Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statements, or false declarations, if Defendant commits such acts in connection with this agreement or otherwise.

18.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

19.     **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to

7

appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver. The United States expressly reserves the right to appeal from an unreasonable sentence.

20.    By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty under Rule 11(d) of the Federal Rules of Criminal Procedure once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

21.    Defendant understands that by pleading guilty Defendant will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of the guilty plea.

8

22.     The Assistant United States Attorney and attorney for Defendant agree to

abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The

attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes

regarding the Presentence Investigation Report through a presentence conference or other

informal procedures.

23.     Defendant acknowledges reading and understanding all provisions of the

Plea Agreement. Defendant and Defendant's attorney have discussed the case and

reviewed the Plea Agreement. They have discussed Defendant's constitutional and other

rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of

the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: _25 Apr 2023_                  _____
                                      By: JACOB T. RODENBIKER
                                      Assistant United States Attorney

Dated: _25-Abril-2023_                _____
                                      ARMANDO DE DIOS-CARRILLO
                                      Defendant

Dated: _4/25/23_                      _____
                                      RHIANNON GORHAM
                                      Attorney for Defendant

9

Interpreted by Blanca De La Cruz by phone on 4/21/23 and
4/25/23, with attorney present with client at the Polk County
Jail, MN.